UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY WARD-PETERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC.,<br><br>Defendant. | No.    2:18-cv-00567-DAD-SCR<br><br>ORDER DISMISSING ACTION DUE TO PLAINTIFFS' FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE |

On August 7, 2024, the court issued an order directing plaintiffs to show cause, in writing no later than August 14, 2024, "why this action should not be dismissed due to plaintiffs' failure to prosecute this action." (Doc. No. 25.)  Therein, plaintiffs were cautioned that their "failure to timely respond to this order will result in dismissal of this action." (*Id.*)  Plaintiffs' deadline to respond to that order has now passed, and plaintiffs have not filed a response or otherwise communicated with the court.

In light of plaintiffs' repeated failures to timely respond to orders of this court (*see* Doc. Nos. 19, 21, 25), it appears that plaintiffs no longer wish to prosecute this action but rather have abandoned the litigation.  Indeed, plaintiffs' most recent filing in this action was filed nearly three years ago, on October 8, 2021.  (Doc. No. 20.)

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need

1 to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring
2 disposition on the merits; and (5) the availability of less drastic sanctions.  *Pagtalunan v. Galaza*,
3 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.
4 1998).

   Moreover, the Local Rules of this court state that the failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992).  "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."  *Ferdik*, 963 F.2d at 1260 (9th Cir. 1992),

   Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal here.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiffs' failure to prosecute the action makes disposition on the merits an impossibility.  Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures.  The issuance of yet another order to show cause would be futile under the circumstances presented.

   Accordingly, this action will be dismissed due to plaintiffs' failure to prosecute and failure to comply with the court's orders.

   For the reasons set forth above,

   1. This action is dismissed due to plaintiffs' failures to respond to the August 7, 2024 order to show cause (Doc. No. 25), to prosecute this action, and to obey court orders; and

/////

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 16, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3